THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| DIEGO FERREIRA, on behalf of Himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.:_____ |
| AK BUILDING SERVICES, INC. | ) ) JURY DEMAND ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Diego Ferreira, by and through, his undersigned counsel, bring this individual action and, subject to further discovery, collective action against Defendant, AK Building Services, Inc. (hereinafter "AK", "Defendant") for himself, an individual, and all behalf of all others similarly situated (hereinafter collectively "Plaintiff"), pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 207 *et seq.* (hereinafter "FLSA"). In support thereof, Plaintiff states the following:

### Jurisdiction & Venue

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, to obtain a judgment against Defendant as to liability, recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. Defendant is a corporation conducting business in the State of Florida.

3. Plaintiff currently resides in Miami, Florida.

4. Plaintiff was employed by Defendant from around February 1, 2021 to April 16, 2021, and was its employee.

SALAS LAW FIRM, P.A.

5. This action is brought pursuant to the FLSA. Subject to discovery in this case, this action is or may become a collective action under the Act found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage and hour provisions of the FLSA by Defendant which has deprived Plaintiff and others similarly situated to Plaintiff of their lawful overtime wages.

6. This action is brought to recover unpaid compensation, in the form of overtime compensation and in the form of money damages, owed to the Plaintiff and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendant has had a uniform policy and practice of consistently paying employees without paying them one and one-half times the regular rate for hours worked in excess of forty in a given week, as required by 29 U.S.C. § 207(a)(1).

7. Venue in this Court is proper, as the acts and omissions alleged in this Complaint, took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

## Parties & Background Facts

7. Defendant is a commercial cleaning company, which, in general, contracts with commercial customers to clean office buildings.

8. Defendant employs cleaners, like Plaintiff, throughout the state of Florida.

9. Defendant's primary work location's address is: 6600 Georgia Avenue Ste 9, West Palm Beach Florida, 33405.

10. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

13. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

14. Based on information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

15. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in cleaning office buildings.

16. Plaintiff worked at various work locations of Defendant, working at office buildings and similar customers of Defendant, including Avila South Condos (210 172nd St, Sunny Isles Beach, FL 33160) and Orthopedic Associates in Plantation, Florida.

17. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendant.

18. Beginning on February 1, 2021 when Plaintiff began working for Defendant, and continuing through the end of his employment on April 16, 2021, Defendant employed Plaintiff as a non-exempt, hourly-paid employee.

19. Plaintiff worked about sixty-five (65) hours in each week he worked for Defendant.

20. Plaintiff was paid $12.00/hour by Defendant for each hour worked.

21. Plaintiff was entitled to $18.00/hour as his overtime rate of pay.

22. Plaintiff was never paid overtime by Defendant.

23. Defendant paid Plaintiff in "pay periods."

24. These pay periods were two weeks in length.

25. For each two-week period Plaintiff worked for Defendant, he would receive a direct deposit to his bank account, TD Bank, for approximately 80 hours of work at $12.00/hour.

26. For each two-week period Plaintiff worked for Defendant, he would receive a direct deposit to the same bank account, at TD Bank, for approximately 50 hours of work at $10.00/hour; however, these hours were paid to Plaintiff's spouse and in her name, including associated FICA and Medicare withholdings.

27. Plaintiff's wife is Mrs. Maria Ferreira.

28. Mrs. Ferreira never physically worked a day for Defendant, ever.

29. However, Defendant paid Mrs. Ferreira in order to avoid its obligations under the FLSA to Plaintiff, its actual employee.

30. Defendant created this scheme in violation of the FLSA to pay Mrs. Ferriera to avoid paying Plaintiff not only his overtime hours, but also to avoid paying his regular rate of pay at $12.00.

31. For example, in the pay period beginning March 8, 2021 through March 21, 2021, Plaintiff received a paycheck/direct deposit for $886.56, reflecting gross wages of $960.00 (80 hours at $12.00/hour) less taxes.

32. For example, in the pay period beginning March 8, 2021 through March 21, 2021, Plaintiff, via a paycheck/direct deposit to Mrs. Ferreira, for $461.75, reflecting gross wages of $500.00 (50 hours at $10.00/hour) less taxes.

33. Using the March 8 to 21, 2021 pay period as an example, Plaintiff was entitled to overtime for 50 hours worked (and/or the appropriate amount for each given week worked).

34. This is applicable for every pay period in which Plaintiff worked, *i.e.* he is due at least 50 hours in overtime

35. A separate and distinct violation of the FLSA, Plaintiff avers that Defendant also "averaged" his hours over two-week periods to avoid paying overtime and/or this is a class-wide violation applicable to other putative plaintiffs.

36. Plaintiff worked eleven weeks for Defendant (week of February 1, February 7, February 14, February 21, February 28, March 7, March 14, March 21, March 28, April 4, and April 11, 2021).

37. Due to Defendant's FLSA violations, Plaintiff has been damaged by not receiving an extra two dollars per hour for each hour he worked (Plaintiff should have been paid $12.00 as his regular rate for all hours he worked).

38. Due to Defendant's FLSA violations, Plaintiff has been damaged by not receiving a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek (Plaintiff should have been paid $18.00 as his regular rate for all hours he worked), which is approximately $2,500.00.

39. Defendant's FLSA violations were willful, including as evidenced by its scheme to pay Plaintiff's spouse, a non-employee, rather than Plaintiff himself to avoid paying him overtime.

40. Due to Defendant's willful FLSA violations, Plaintiff should receive the same amount of his overtime owed by Defendant as liquidated damages.

41. After he suffered an on-the-job injury and filed a workers' compensation claim, Plaintiff quit working for Defendant, including related to his injuries and because of Defendant's failure to pay him his proper wages and overtime.

42. Defendant paid Plaintiff via direct deposit.

43. Defendant paid Plaintiff by direct deposit to his bank, TD Bank.

44. From the beginning of his employment through April 2021, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

45. Similarly, others who also worked for Defendant (those current and former employees that are "similarly situated") also were not paid overtime premiums for hours worked over forty (40) hours in a workweek.

46. Plaintiff believes these persons who are similarly situated include or may include his former coworkers, including Fransisco l/n/u, Sonia l/n/u, and/or Zuly l/n/u, and others.

47. Plaintiff and those similarly situated were paid only their regular rate, with no overtime premiums, for overtime hours.

48. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

49. Defendant has violated 29 U.S.C. § 207 from at least 2017 to the present, because Plaintiffs and others similarly situated, worked in excess of forty (40) hours in one or more workweeks during their periods of employment with Defendant.

50. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and others similarly situated, at the statutory rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

51. Defendant's failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful, as Defendants knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

52. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

53. Defendant utilized this two-check system to deceive Plaintiff and/or perhaps the class members he seeks to represent concerning their entitlement to overtime.

54. On information and belief, there are hundreds of other current and former employees that are similarly situated and desire to opt-in to this collective action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

55. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

56. From the beginning of his employment through April 2021, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

57. On information and belief, those similarly situated also worked in excess of 40 hours in one or more workweek(s), but were not paid proper overtime premiums.

58. Plaintiff, and others similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

59. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA, and/or similarly failed to those putative plaintiffs.

60. Defendant's actions were intentional and/or willful and/or showed reckless disregard for the provisions of the FLSA, as evidence by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is due.

61. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated, suffered and/or continue to suffer damages and/or lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

62. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant has failed to properly pay Plaintiff proper overtime wages for such hours, pursuant to a policy, plan, or decision equally applicable to similarly situated employees.

63. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

i. Subject to the results of initial discovery as to similarly situated individuals, at the earliest possible time, Plaintiff and/or putative plaintiffs be allowed to give notice, or that the Court issue such Notice, to all employees in all locations during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated

informing them that this action has been filed, the nature of this action, and of their right to opt into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b).

ii. Plaintiff, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.A. § 216(b), and prejudgment interest;

iii. Plaintiff, and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action, and other relief as justice may require;

iv. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

v. Enter an Order requiring Defendant to make Plaintiff, and all other potential plaintiffs', front pay, lost wages (plus interest), liquidated damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and

vi. Enter an Order requiring Defendant to make Plaintiff (and likely some others) whole, by awarding reimbursement for mileage and other costs incurred while working for Defendant which Defendant did not reimburse, plus interest.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues when joined.

Respectfully this 4th day of August 2021.

//s//John P. Salas, Esq.
SALAS LAW FIRM, P.A.
2601 E. Oakland Park Boulevard
Suite 406
Fort Lauderdale, FL 33306
Office: (954) 315-1155
Fax: (954) 827-8058
Email: jp@salaslawfirmpa.com

Fla. Bar. No. 87593

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
2601 E. Oakland Park Boulevard
Suite 406
Fort Lauderdale, FL 33306
Office: (954) 315-1155
Fax: (954) 827-8058
Email: michael@salaslawfirmpa.com
Fla. Bar. No. 60859

SALAS LAW FIRM, P.A.